UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SIDDIQ A. NAJEE,
F/K/A/ JOEY ABNEY

                     Petitioner,

           -against-

WILLIAM CONNOLLY, Superintendent of
Fishkill Correctional Facility,

                    Respondent.
----------------------------------------------------------X

06-cv-4344 (SJF)

**OPINION & ORDER**

FEUERSTEIN, J:

I.     Introduction

     *Pro se* petitioner Siddiq A. Najee ("Petitioner") seeks a writ of habeas corpus pursuant to

28 U.S.C. § 2254. For the reasons set forth below, Petitioner's application is denied at this time.

II.    Petitioner's Pleadings

     A *pro se* plaintiff's submissions are held "to less stringent standards than formal

pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v.

Kerner, 404 U.S. 519, 520 (1972)). To this end, a court must "read the pleadings of a *pro se*

plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'"

McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d

787, 790 (2d Cir. 1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with

relevant rules of procedural and substantive law. Faretta v. California, 422 U.S. 806 , 834 n. 36

(1975).

III.  *In Forma Pauperis*

Pursuant to the Administrative Order 2001-06 of Chief Judge Edward R. Korman dated April 23, 2001, the Clerk of the Court is directed to treat the petition as if it included an application to proceed *in forma pauperis* that was granted.

IV.  Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, provides in pertinent part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[1] AEDPA's one-year period of limitations applies to Petitioner's request. See Lindh v. Murphy, 521 U.S. 320, 327 (1997) (holding that § 2244 applies "to the general run of habeas cases . . . when those cases had been filed after the date of the Act."); Ross v. Artuz, 150 F.3d 97, 98 (2d Cir. 1998).

"Prisoners . . . whose convictions became final prior to the AEDPA's effective date of April 24, 1996, have a one-year grace period in which to file their habeas corpus petitions, or until April 24, 1997." Smith v. McGinnis, 208 F.3d 13, 15 (2d Cir. 2000) (*per curiam*) (citing Ross, 150 F.3d at 102-03).

Petitioner's judgment of conviction was rendered on March 30, 1988. See Petition at ¶ 3. On May 13, 1991, the Appellate Division, Second Department, affirmed Petitioner's conviction. People v. Abney, 570 N.Y.S.2d 303 (2d Dep't 1991). On August 21, 1991, the New York State Court of Appeals denied Petitioner's request for leave to appeal. People v. Abney, 78 N.Y.2d 961 (1991). Because Petitioner's conviction became final before April 24, 1996, he had until April 24, 1997, to file a petition challenging his conviction. The instant petition was filed on August 18, 2006, long after the grace period for filing this petition had expired. Thus, absent statutory or equitable tolling, discussed below, the petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).

A.      Statutory Tolling

Section 2244(d)(2) provides a toll on the one-year period of limitations where a petitioner

---

[1] This Court is authorized to raise a *sua sponte* challenge to the timeliness of the petition under the AEDPA. Acosta v. Artuz, 221 F.3d 117, 121 (2d Cir. 2000); see also 28 U.S.C. §1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . [the action] fails to state a claim on which relief may be granted . . .").

3

has filed an application seeking "State post-conviction or other collateral review" concerning the "pertinent" judgment. Petitioner alleges that he filed a motion for post-conviction relief under N.Y. Crim. Proc. Law § 440.20 on an unspecified date in 2000, and that the Appellate Division, Second Department, denied the motion on June 19, 2002. See Petition at ¶ 12(b). Although § 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection," this section does not start the one-year period to run anew. Rather, § 2244(d)(2) applies only if Petitioner's § 440 motion was filed before the one-year limitation period, which expired on April 26, 1997. Here, Petitioner did not file the motion in a timely manner, and it is not entitled to the benefit of the statute.

      B.     Equitable Tolling

The period of limitations may be tolled for equitable reasons if Petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000). To this end, Petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde, 224 F.3d at 134.

Petitioner has failed to offer an explanation for his failure to timely file the petition pursuant to 28 U.S.C. § 2244(d). Therefore, Petitioner shall provide an explanation for his

4

failure to timely file the petition within thirty (30) days of the date of this Order. <u>Acosta v. Artuz</u>, 221 F.3d 117, 125 (2d Cir. 2000). Failure to do so will result in summary dismissal. The Clerk of the Court is directed to serve a copy of this Order on Petitioner, and is further directed to serve a copy of the complaint and this Order upon the Respondent by certified mail.

IT IS SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: Central Islip, New York
September 2 1, 2006

Copy to:

Siddiq A. Najee, *Pro Se*
88A3486
Fishkill Correctional Facility
PO Box 1245
Beacon, N.Y. 12508