UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SIDDIQ A. NAJEE,
F/K/A/ JOEY ABNEY

                Petitioner,　　　　　　　　　　**OPINION & ORDER**
                　　　　　　　　　　　　　　　06-CV-4344 (SJF)
  -against-

WILLIAM CONNOLLY, Superintendent of
Fishkill Correctional Facility,

                Respondent.
----------------------------------------X
FEUERSTEIN, J:

I.    Introduction

On August 18, 2006, *pro se* petitioner Siddiq A. Najee ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 21, 2006, the Court issued an Order denying Petitioner's petition. Najee v. Connolly, No. 06-CIV-4344 (E.D.N.Y. Sept. 21, 2006). The Court found that Petitioner's petition was untimely but gave Petitioner an opportunity to provide an explanation for his failure to timely file his petition. Petitioner submitted his explanation to the Court. For the reasons set forth below, Petitioner's petition is denied.

II.    Petitioner's Pleadings

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). To this end, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d

787, 790 (2d Cir. 1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. Faretta v. California, 422 U.S. 806, 834 n. 36 (1975).

III. Analysis

Petitioner was required to file his habeas petition by April 24, 1997. Najee v. Connolly, No. 06-CIV-4344, slip op. at 3 (E.D.N.Y. Sept. 21, 2006). Petitioner admits that he intentionally did not file a petition before the statue of limitations expired because there was no law at the time to support a petition but contends in People v. Payne, 3 N.Y.3d 266 (2004), the New York Court of Appeals changed the law regarding depraved indifference murder[1] and that if the principles of the Payne case were applied to his case, his conviction would be reversed. In April 2005, Petitioner filed a motion to reargue pursuant to N.Y.C.P.L.R. § 2221 in the Supreme Court of the State of New York, Appellate Division, Second Department. Petitioner argued that he should be permitted to renew his appeal and that his conviction should be reversed based upon Payne. Petitioner's motion was denied without explanation on June 28, 2005. See People v. Joey Abney a/k/a Siddiq Najee, Ind. No. 1382/86 (App. Div. 2d Dep't. 2005). On October 31, 2005, the Court of Appeals denied his application for a permissive appeal. See People v. Najee, 5 N.Y.3d 855 (2005).

In his habeas petition, filed on August 18, 2006, Petitioner acknowledges that his petition is untimely but contends that Payne should be applied retroactively and that the failure of the New York State courts to do so violates his Fourteenth Amendment rights to due process and

---

[1] See also People v. Gonzalez, 1 N.Y.3d 464 (2004); People v. Hafeez, 100 N.Y.2d 253 (2003); People v. Sanchez, 98 N.Y.2d 373 (2002).

2

equal protection.

"The New York Court of Appeals's <u>Payne</u> decision raised an important question of state law that might be dispositive of the federal question raised in [a] habeas petition: Does <u>Payne</u>'s holding apply retroactively to convictions that had become final prior to the court's ruling?" <u>DiSimone v. Phillips</u>, 461 F.3d 181, 185 (2d Cir. 2006) (footnote omitted). The Second Circuit has certified the question to the New York Court of Appeals, <u>Policano v. Herbert</u>, 453 F.3d 75 (2d Cir. 2006), which has agreed to consider it, 7 N.Y.3d 779 (2006).

In light of the foregoing, the petition shall be denied with leave to renew following resolution of the issue of retroactivity.

III. Conclusion

The clerk of the Court is directed to administratively close this case. Petitioner may restore this case upon ten (10) days notice, following a determination by the New York Court of Appeals on the retroactivity of <u>Payne</u>. Upon notification, Petitioner's case will be restored to the Court's docket.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: December 6, 2006
Central Islip, New York

3

Copy to:

Siddiq A. Najee, *Pro Se*
88A3486
Fishkill Correctional Facility
PO Box 1245
Beacon, NY 12508